**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIA CORONA DUARTE, | No. 07-71327 |
| Petitioner, | Agency No. A090-089-593 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:     SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Cecilia Corona Duarte, a native and citizen of Mexico, petitions for review

of the  Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's order denying her application for a § 212(c) waiver.  Our

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1129 n.10 (9th Cir. 2007), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Corona Duarte's contention that there is insufficient evidence in the record to establish that she committed an offense that would render her ineligible for § 212(c) relief under § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") because Corona Duarte failed to exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).

Although we have jurisdiction to review Corona Duarte's contention that the application of § 440(d) of the AEDPA has an impermissibly retroactive effect in her case, *see Saravia-Paguada*, 488 F.3d at 1130, her contention lacks merit because she was convicted after AEDPA's effective date, *id.* at 1132-33 (the past relevant conduct for the retroactivity analysis is the alien's decision whether to enter a guilty plea or to proceed to trial, and not the commission of the underlying criminal conduct).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**